Phillip J. Wiese (State Bar No. 291842)
phillip.wiese@morganlewis.com
MORGAN, LEWIS & BOCKIUS LLP
One Market, Spear Street Tower
San Francisco, CA 94105
Telephone:     +1 415 442 1000
Facsimile:      +1 415 442 1001

Scott T. Schutte (pro hac vice filed)
Gregory T. Fouts (pro hac vice filed)
Tedd M. Warden (pro hac vice filed)
scott.schutte@morganlewis.com
greg.fouts@morganlewis.com
tedd.warden@morganlewis.com
MORGAN, LEWIS & BOCKIUS LLP
77 West Wacker Drive, #500
Chicago, Illinois 60601

*Attorneys for Defendant*
*Mitchell International, Inc.*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| BOBBY JONES, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> PROGRESSIVE CASUALTY INSURANCE COMPANY, THE PROGRESSIVE CORPORATION, and MITCHELL INTERNATIONAL, INC.; and DOES 1 through 50, inclusive, <br><br> Defendants. | Case No.  3:16-cv-06941 JD <br><br> DEFENDANT MITCHELL INTERNATIONAL, INC.'S MOTION TO DISMISS COMPLAINT; MEMORANDUM AND POINTS OF AUTHORITIES IN SUPPORT THEREOF <br><br> Date: May 18, 2017 <br> Time: 10:00 am <br> Location: Courtroom 11 <br> Judge: Hon. James Donato |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ........................................................................................................ ii

NOTICE OF MOTION AND MOTION ...................................................................................... 1

ISSUES TO BE DECIDED ......................................................................................................... 1

MEMORANDUM OF POINTS AND AUTHORITIES ............................................................... 2

I.    INTRODUCTION............................................................................................................... 2

II.   ALLEGATIONS OF THE COMPLAINT .......................................................................... 2

III.  LEGAL STANDARD.......................................................................................................... 4

IV.   ARGUMENT ...................................................................................................................... 5

   A.   Plaintiff Lacks Standing to State a Claim for a Violation of the UCL ................................ 5

   B.   Count One for a Violation of the UCL Should be Dismissed............................................ 6

      1.   Mitchell is not an "insurer," and is not subject to insurance regulations........................ 6

      2.   Plaintiff fails to plausibly plead a UCL claim against Mitchell...................................... 9

      3.   There is no private right to enforce the California Insurance Code ............................. 10

   C.   Count Two for Common Law Fraud Should be Dismissed............................................ 10

      1.   Plaintiff fails to plausibly plead a fraud claim. ......................................................... 10

      2.   The economic loss doctrine bars Plaintiff's fraud claim.............................................. 11

   D.   Count Three for Negligent Misrepresentation Should be Dismissed................................ 12

      1.   Plaintiff fails to plead a claim for negligent misrepresentation ................................... 12

      2.   The economic loss doctrine bars the negligent misrepresentation claim....................... 13

V.    CONCLUSION ................................................................................................................ 13

1

<u>**TABLE OF AUTHORITIES**</u>

2

**Cases**

3

*Ashcroft v. Iqbal,*
    556 U.S. 662 (2009) ........................................................................................................ 4

4

*Bell Atl. Corp. v. Twombly,*
    550 U.S. 544 (2007) ........................................................................................................ 4

5

*Crystal Springs Upland School v. Fieldturf USA, Inc.,*
    No. 16-cv-01335-HSG, 2016 WL 6576634 (N.D. Cal. Nov. 7, 2016) ...................................... 13

6

7

*Firoozye v. Earthlink Network,*
    153 F. Supp. 2d 1115 (N.D. Cal. 2001) ....................................................................... 12

8

*Glenn K. Jackson Inc. v. Roe,*
    273 F.3d 1192 (9th Cir. 2001).......................................................................................... 12

9

10

*Harmon v. Hilton Group,*
    No. C–11–03677 JCS, 2011 WL 5914004 (N.D. Cal. Nov. 28, 2011) ............................... 7

11

*Kearns v. Ford Motor Co.,*
    567 F.3d 1120 (9th Cir. 2009)........................................................................ 5, 9, 10, 11

12

13

*Levine v. Blue Shield of Cal.,*
    189 Cal. App. 4th 1117 (2010) ....................................................................................... 6

14

*Moradi-Shalal v. Fireman's Fund Ins. Companies,*
    758 P.2d 58 (Cal. 1988) .............................................................................................. 7, 10

15

16

*Multifamily Captive Grp., LLC v. Assurance Risk Managers, Inc.,*
    629 F. Supp. 2d 1135 (E.D. Cal. 2009)............................................................................ 11

17

*Neilson v. Union Bank of California, N.A.,*
    290 F. Supp. 2d 1101 (C.D. Cal. 2003) ....................................................................... 12

18

19

*Rubio v. Capital One Bank,*
    613 F.3d 1195 (9th Cir. 2010).................................................................................. 5, 6, 7

20

*Sprewell v. Golden State Warriors,*
    266 F.3d 979 (9th Cir. 2001)........................................................................................... 4

21

22

*Strome v. DBMK Enterprises, Inc.,*
    No. 14-cv-02398-SI, 2014 WL 6485533 (N.D. Cal. Nov. 19, 2014) ............................... 12

23

*Swartz v. KPMG LLP,*
    476 F.3d 756 (9th Cir. 2007)......................................................................................... 10

24

25

*Vehicle Market Research, Inc. v. Mitchell International, Inc.,*
    767 F.3d 987 (10th Cir. 2014)................................................................................... 3, 8, 9

26

*Vehicle Market Research, Inc. v. Mitchell International, Inc.,*
    No. 09-2518-JAR, 2015 WL 3903791 (D. Kan. June 25, 2015) ............................... 2, 3

27

28

MITCHELL'S NOTICE OF MOTION AND
MOTION TO DISMISS; MPA IN SUPPORT
CASE NO. 3:16-CV-06941 JD

*Vess v. Ciba-Geigy Corp. USA,*
  317 F.3d 1097 (9th Cir. 2003) ............................................................................. 5, 9

*Williams v. Gerber Prods. Co.,*
  552 F.3d 934 (9th Cir. 2008) ................................................................................. 6

**Other Authorities**

Fed. R. Civ. P. 12(b)(1) ........................................................................................... 1

Fed. R. Civ. P. 12(b)(6) ........................................................................................... 1

Fed. R. Civ. P. 9(b) .............................................................................................. 1, 5

**Treatises**

10 C.C.R. § 2695.1-Preamble .................................................................................. 3

10 C.C.R. 2695.1 ..................................................................................................... 3

10 C.C.R. 2695.2(d)(2) ............................................................................................ 8

10 C.C.R. 2695.2(i) .................................................................................................. 8

10 C.C.R. 2695.2(m) ................................................................................................ 8

10 C.C.R. 2695.6 .................................................................................................. 3, 7

Cal. Business and Professions Code § 17200 ......................................................... 1

Cal. Ins. Code § 23 .................................................................................................. 8

Cal. Ins. Code § 790.03(h) .............................................................................. 3, 7, 10

## NOTICE OF MOTION AND MOTION

NOTICE IS HEREBY GIVEN that on May 18, 2017 at 10:00 a.m. in Courtroom 11, 19th Floor, 450 Golden Gate Avenue, San Francisco, before the Honorable James Donato, Defendant Mitchell International, Inc. ("Mitchell") will and hereby does move this Court to dismiss the First Amended Complaint.  This motion is brought pursuant to Fed. R. Civ. P. 9(b) and 12(b)(1) and (6), and is based on this Notice and Motion, and the accompanying Memorandum of Points and Authorities, and argument of counsel.  Pursuant to Paragraph 13 of Judge Donato's Standing Order for Civil Cases, Mitchell hereby notifies the Court that Phillip J. Wiese, an associate at Morgan, Lewis & Bockius LLP, will argue this motion.  Mr. Wiese obtained his J.D. from Northwestern University School of Law in 2013.

## ISSUES TO BE DECIDED

Whether Plaintiff's First Amended Complaint should be dismissed because it fails to plausibly plead facts supporting its claims with particularity, and otherwise fails to state a claim upon which relief can be granted.  Specifically:

1)  Whether Count One against Mitchell for an alleged violation of California Business and Professions Code § 17200 (the "UCL"), should be dismissed pursuant to Rule 12(b)(1) because Plaintiff lacks standing to bring a claim for a violation of the UCL, where Plaintiff has not plausibly alleged an "injury in fact."

2)  Whether Count One against Mitchell for an alleged violation of the UCL should be dismissed pursuant to Rule 12(b)(6) because neither the California Insurance Code nor the supporting Fair Claims Settlement Practices Regulations apply to Mitchell.

3)  Whether the UCL claim should be dismissed for failure to plead fraud with particularity, as required by Rule 9(b).

4)  Whether Counts Two and Three, for fraud and negligent misrepresentation, should be dismissed pursuant to Rule 12(b)(6) and Rule 9(b) because Plaintiff fails to identify any statement made by Mitchell to Plaintiff, and otherwise fails to plead facts alleging fraud or misrepresentation with the requisite particularity.

1

<b><u>MEMORANDUM OF POINTS AND AUTHORITIES</u></b>

2

**I.    INTRODUCTION**

3      This is a lawsuit by a policyholder against his insurer based on his dissatisfaction with the

4 settlement of an insurance claim after the policyholder "totaled" his vehicle in an accident.

5 According to the Complaint, Plaintiff Bobby Jones was involved in an automobile accident on

6 November 18, 2015.  After the accident, Plaintiff was dissatisfied with the amount that his insurer

7 – Defendant Progressive Casualty Insurance Company ("Progressive") – paid him for the value of

8 his vehicle.

9      Plaintiff subsequently sued Progressive for (among other things) breach of the insurance

10 policy, but also sued Mitchell for unfair business practices, fraud, and negligent

11 misrepresentation.  Notably, Plaintiff does not (and cannot) allege that he had a contract or any

12 other business relationship with Mitchell.  Nor does Plaintiff allege any facts to support a claim

13 that he communicated directly with Mitchell about his vehicle's loss valuation (because he did

14 not – all communications were with Progressive).  And Plaintiff does not allege any independent

15 basis for a claim against Mitchell, other than Progressive's use of Mitchell's software products

16 and services in a way that Plaintiff claims violates California's "Fair Claims Settlement Practices

17 Regulations."

18      As set forth below, Plaintiff has failed to state a claim against Mitchell, and accordingly

19 his claims against Mitchell should be dismissed, with prejudice.

20

**II.    ALLEGATIONS OF THE COMPLAINT**

21      Mitchell is a third party vendor that works with insurers like Defendant Progressive – but

22 not with policyholders directly – to provide "information, workflow, and performance

23 management solutions to improve business processes for insurance companies and collision repair

24 facilities."  *Vehicle Market Research, Inc. v. Mitchell International, Inc.*, No. 09-2518-JAR, 2015

25 WL 3903791, at *3 (D. Kan. June 25, 2015).  Plaintiff alleges that Mitchell "provided claims

26 services for Progressive relating to the valuation of total loss vehicles in the State of California."

27 Am. Cmplt. ¶ 9.  Mitchell provides total loss valuations as a recommendation for insurers to use

28

MITCHELL'S NOTICE OF MOTION AND
MOTION TO DISMISS; MPA IN SUPPORT
CASE NO. 3:16-CV-06941 JD

in claims processing through its software products and services, which "assis[t] automobile insurers in providing a fair market value for a vehicle that has been declared a total loss." *Vehicle Market Research, Inc. v. Mitchell International, Inc.*, 767 F.3d 987, 989 (10th Cir. 2014). A vehicle is a "total loss" when, after an accident, it "will cost more to repair than its value at the time of the accident." *Vehicle Market Research, Inc.*, 2015 WL 3903791, at *3.

Plaintiff claims that Mitchell and Progressive "present[ed] 'lowball' property damage offers to [Progressive's] insured where there is a total loss situation" and "failed to use lawful 'comparable automobiles' as required by law for purposes of determining the total loss value." Am. Cmplt. ¶ 4. Plaintiff also claims that Mitchell and Progressive "employed methods contrary to the California Insurance Regulations," used "out of market 'comparable vehicles,'" "failed to fairly adjust for differences between 'comparable vehicles' and the total loss vehicles," and "routinely used as 'comparable vehicles' vehicles that had previously been deemed a total loss, without making any adjustments for the differences in the vehicles." Am. Cmplt. ¶ 5. In summary, Plaintiff alleges that "Defendants, and each of them, engaged in various schemes to deflate the value of declared 'total loss vehicles' (vehicles where an election is made to forego any vehicle repair) in order to pay first party insureds less than the actual pre-loss value of the total loss vehicle." Am. Cmplt. ¶ 16.

Plaintiff further alleges that "the acts and practices of Progressive and Mitchell violate California public policy that is tethered to regulations governing persons engaged in the practice of adjusting claims on automobile insurance policies" including, in particular, "the unfair Trade Settlement Practices Regulations, set forth in 10 C.C.R. 2695.6, et seq. [which] were promulgated in order to promote the good faith, prompt, efficient, and equitable settlement of claims on a cost effective basis." Am. Cmplt. ¶ 53. Collectively, these regulations are referred to as the "Fair Claims Settlement Practices Regulations." *See* C.C.R. 2695.1 *et seq*. The Fair Claims Settlement Practices Regulations were promulgated by the California Insurance Commissioner, pursuant to authority granted by the California Insurance Code. *See* Cal. Ins. Code § 790.03(h) (describing "unfair claims settlement practices"); *see also* 10 C.C.R. § 2695.1-Preamble (stating the Fair

1    Claims Settlement Practices Regulations were promulgated by the Insurance Commissioner to

2    identify "certain minimum standards for the settlement of claims which, when violated . . . shall

3    constitute an unfair claims settlement practice within the meaning of Insurance Code Section

4    790.03(h)").

5           Even though he had no contact or contract with Mitchell, Plaintiff alleges three causes of

6    action against Mitchell.  In Count One, Plaintiff alleges "fraudulent," "unfair," and "unlawful"

7    business practices in violation of the California UCL, predicated on the allegation that Mitchell

8    violated the Fair Claims Settlement Practices Regulations by allegedly providing "false

9    communications" about the use of "comparable vehicles" in calculating the value of his

10   automobile.  Am. Cmplt. ¶¶ 51, 53, 55.  Count Two is for common law fraud, based on the

11   allegation that "Mitchell intentionally and knowingly made false statements to [Plaintiff] about

12   the value of his car to induce him to accept a reduced amount on his automobile insurance claim."

13   Am. Cmplt. ¶ 62.  In Count Three, Plaintiff alleges negligent misrepresentation, predicated on a

14   nearly identical claim that Mitchell "negligently made false statements to [Plaintiff] about the

15   value of his car to induce him to accept a reduced amount on his automobile insurance claim."

16   Am. Cmplt. ¶ 66.

17   **III.    LEGAL STANDARD**

18          To survive a motion to dismiss pursuant to Fed. R. Civ. Pro. 12(b)(6), Plaintiff must plead

19   "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*,

20   550 U.S. 544, 570 (2007).  A claim is facially plausible "when the plaintiff pleads factual content

21   that allows the court to draw the reasonable inference that the defendant is liable for the

22   misconduct alleged."  *Ashcroft v. Iqbal,* 556 U.S. 662, 633 (2009).  This requires more than mere

23   "labels and conclusions, and a formulaic recitation of the elements of a cause of action."  *Bell*

24   *Atl.*, 550 U.S. at 555.  Conclusory allegations of law and unreasonable or unwarranted inferences

25   of fact are insufficient to defeat a motion to dismiss.  *Sprewell v. Golden State Warriors*, 266 F.3d

26   979, 988 (9th Cir. 2001).

27

28

1    Where, as here, each of Plaintiff's claims is predicated on alleged fraud or

2  misrepresentations, Plaintiff's factual allegations must meet the heightened standards of Fed. R.

3  Civ. P. 9(b), which requires that "a party must state with particularity the circumstances

4  constituting fraud." *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009) (citation

5  omitted).  When alleging fraudulent activity, the allegations of fraud "must be accompanied by

6  'the who, what, when, where, and how' of the misconduct charged." *Id.* (citing *Vess v. Ciba-*

7  *Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003)).  The plaintiff must "set forth *more* than

8  the neutral facts necessary to identify the transaction." *Id.* (citation omitted and emphasis in

9  original).  The plaintiff must set forth "what is false or misleading about a statement, and why it is

10 false." *Vess*, 317 F.3d at 1106 (citation omitted).

11    Rule 9(b)'s particularity standard also applies to state-law causes of action. *Vess v. Ciba-*

12 *Geigy Corp. USA*, 317 F.3d at 1103.  Claims alleging "fraudulent" or "deceptive" business

13 practices in violation of the UCL are also subject to Rule 9(b)'s heightened pleading standards,

14 even though fraud is not a necessary element of a UCL claim. *Kearns*, 567 F.3d at 1125 (citation

15 omitted).  Where the plaintiff alleges a "unified course of fraudulent conduct and rel[ies] entirely

16 on that course of conduct as the basis of a claim" then the claim is "said to be 'grounded in fraud'

17 . . . and the pleading of that claim as a whole must satisfy the particularity requirement of Rule

18 9(b)." *Vess*, 317 F.3d at 1103 (citation omitted).

19 **IV.    ARGUMENT**

20    **A.    Plaintiff Lacks Standing to State a Claim for a Violation of the UCL**

21    In order to plead a UCL claim, Plaintiff needs to have "suffered injury in fact and . . . lost

22 money or property as a result of the unfair competition." *Rubio v. Capital One Bank*, 613 F.3d

23 1195, 1203 (9th Cir. 2010).  In other words, Plaintiff must show he has lost "'money or property'

24 sufficient to constitute an 'injury in fact' under Article III of the Constitution," thereby affording

25 Plaintiff standing to bring a claim for a violation of the UCL. *Id.* at 1203-04.  Plaintiff has not

26 done so, and the UCL claim should be dismissed.

27

28

1    Plaintiff alleges that he "purchased a 1999 Chevrolet Venture for a list price of $3,250.00,

2    before tax, title and license."  Am. Cmplt. ¶ 25.  Plaintiff then alleges that, after Progressive

3    deemed his automobile to be a "total loss" (Am. Cmplt. ¶ 29), Progressive "made a full and final

4    offer to settle the claim for $2,488.40."  *Id*. at ¶ 30.  Plaintiff concludes by alleging that he "was

5    induced to accept a reduced valuation of his 1999 Chevrolet Venture."  *Id*. at ¶ 35.  However,

6    Plaintiff never alleges that he accepted Progressive's offer of "$2,488.40" to settle the claim for

7    his automobile.  Indeed, Plaintiff never actually alleges the specific amount that he accepted from

8    Progressive as settlement for his automobile claim, and instead relies on the conclusory statement

9    that he "accept[ed] a reduced valuation."  But, without alleging the final amount that he actually

10   accepted from Progressive to settle his claim, Plaintiff cannot allege that he "accept[ed] a reduced

11   valuation" for his automobile, let alone one sufficient to constitute an "injury in fact" granting

12   Plaintiff standing to bring the UCL claim.

13       **B.      Count One for a Violation of the UCL Should be Dismissed**

14               **1.      Mitchell is not an "insurer," and is not subject to insurance regulations**

15       Even if Plaintiff has standing to assert the claim, Plaintiff's UCL claim still fails for the

16   simple reason that this claim is based on an alleged violation of the California Insurance Code,

17   and Mitchell is not an "insurer" subject to those regulations.

18       To state a claim for a violation of the UCL, "a plaintiff must allege that the defendant

19   committed a business act that is fraudulent, unlawful, or unfair."  *Levine v. Blue Shield of Cal.*,

20   189 Cal. App. 4th 1117, 1136 (2010).  A plaintiff can plead a UCL claim under any one, or all

21   three, prongs.  A business practice is "fraudulent" within the meaning of the UCL if "members of

22   the public are likely to be deceived."  *Williams v. Gerber Prods. Co.*, 552 F.3d 934, 938 (9th Cir.

23   2008).  The "unlawful" prong will be met if a Plaintiff properly alleges facts showing that the

24   business practice in question is "unlawful," in that it violates some specific legal provision.

25   *Rubio*, 613 F.3d at 1204 (finding plaintiff adequately pled a claim under the "unlawful" prong by

26   properly alleging a violation of the Truth in Lending Act).  Finally, the "California appellate

27   courts disagree on how to define an 'unfair' act or practice in the context of a UCL consumer

28

MITCHELL'S NOTICE OF MOTION AND
MOTION TO DISMISS; MPA IN SUPPORT
CASE NO. 3:16-CV-06941 JD

1  action."  *Id.*  Many courts, however, have applied a test defining a business practice as "unfair"

2  within the meaning of the UCL where the practice implicates a public policy that is "tethered to

3  specific constitutional, statutory, or regulatory provisions."  *Harmon v. Hilton Group*, No. C–11–

4  03677 JCS, 2011 WL 5914004, at *8-10 (N.D. Cal. Nov. 28, 2011) (dismissing UCL claim

5  because plaintiff failed to plausibly plead a claim under any of the three prongs).

6        Plaintiff apparently seeks to pursue a UCL claim under all three prongs.  Plaintiff attempts

7  to plead a claim under the "unfair" and "unlawful" prongs by alleging that the Defendants'

8  actions "constitute unfair business practices" because they "violate California public policy that is

9  tethered to regulations governing persons engaged in the practice of adjusting claims on

10  automobile insurance policies," including the "Trade Settlement Practices Regulations, set forth

11  in 10 C.C.R. 2695.6 et seq."  Am. Cmplt. ¶ 53.[1]  In other words, Plaintiff is alleging that Mitchell

12  is subject to liability under the "unfair" and "unlawful" prongs of the UCL because Mitchell

13  allegedly violated the Fair Claims Settlement Practices Regulations promulgated pursuant to the

14  California Insurance Code.  Plaintiff also attempts to plead a claim under the "fraudulent" prong

15  by alleging that the Defendants' business practices "constitute fraudulent business practices" that

16  "are likely to deceive members of the public as to their legal rights" through the alleged use of

17  "false communications which misuse 'comparable vehicles' and the devaluation of total loss

18  vehicle."  Am. Cmplt. ¶ 55.  Once again, Plaintiff's theory for liability is predicated on a theory

19  that Mitchell is somehow violating the Fair Claims Settlement Practices Regulations by

20  "misus[ing] comparable vehicles," as that term is defined at 10 C.C.R. 2695.8.  *Id.*  Thus,

21  regardless of the prong upon which it is pursued, Plaintiff's UCL claim against Mitchell depends

22  on the premise that Mitchell has somehow violated the California Insurance Code and the Fair

23  Claims Settlement Practices Regulations.

24        However, Mitchell is not an "insurer," and is not subject to regulation under the California

25  Insurance Code.  Plaintiff does not, and cannot, allege that Mitchell is an insurance company, or

26

27  [1] As discussed in Section IV(B)(3), below, the UCL claim should be dismissed because there is no private right of action for a violation of the California Insurance Code, § 790.03(h).  *See Moradi-Shalal v. Fireman's Fund Ins. Companies*, 758 P.2d 58, 68 (Cal. 1988).

28

                                        7                    MITCHELL'S NOTICE OF MOTION AND
                                                             MOTION TO DISMISS; MPA IN SUPPORT
                                                             CASE NO. 3:16-CV-06941 JD

1  that it provides insurance policies to consumers in California, including the insurance policy on

2  which Plaintiff's claims are based.  Plaintiff does not allege he has a contractual relationship of

3  any kind with Mitchell, or that he has ever communicated with Mitchell at all.  Instead, Mitchell

4  is, as Plaintiff readily admits, a "third party provider" of business solutions to Progressive (Am.

5  Cmplt. ¶ 9), including software products and services that "assis[t] automobile insurers [like

6  Progressive] in providing a fair market value for a vehicle that has been declared a total loss."

7  *Vehicle Market Research, Inc.*, 767 F.3d at 989.

8       Mitchell is not subject to regulation as an "insurer" under the California Insurance Code

9  and the Fair Claims Settlement Regulations.  The plain language of these regulations makes this

10  clear.  The California Insurance Code defines an "insurer" as "the person who undertakes to

11  indemnify another by insurance."  *See* Cal. Ins. Code § 23.  Similarly, the Fair Claims Settlement

12  Regulations define an "insurer" in pertinent part as: "a person licensed to issue or that issues an

13  insurance policy or surety bond in this state, or that otherwise transacts the business of insurance

14  in the state . . . ."  *See* 10 C.C.R. 2695.2(i).  Likewise, a "licensee" is defined, in pertinent part, as

15  "any person that holds a license or Certificate of Authority from the Insurance Commissioner, or

16  any other entity for whom the Insurance Commissioner's consent is required before transacting

17  business in the State of California or with California residents."  *Id.* at 2695.2(m).

18       Plaintiff does not (and cannot) allege that Mitchell "undertakes to indemnify" Plaintiff by

19  insurance, or that Mitchell is "licensed to issue or that issues an insurance policy" in California.

20  Nor does Plaintiff allege that Mitchell "holds a license or Certificate of Authority from the

21  Insurance Commissioner," or that Mitchell required "the Insurance Commissioner's consent . . .

22  before transacting business" in California.  Mitchell also is not a "claims agent" under the Fair

23  Claims Settlement Regulations, because those regulations expressly exclude "persons hired by an

24  insurer solely to provide valuation as to the subject matter of a claim."  *Id.* at 2695.2(d)(2).

25       In short, Mitchell is not an insurance company, and is not subject to regulation as an

26  "insurer" under either the California Insurance Code, or the Fair Claims Settlement Regulations.

27  Because Plaintiff's UCL claim against Mitchell is predicated on a theory that Mitchell's actions

28

MITCHELL'S NOTICE OF MOTION AND
MOTION TO DISMISS; MPA IN SUPPORT
CASE NO. 3:16-CV-06941 JD

1   somehow violate the California Insurance Code and/or the Fair Claims Settlement Practices

2   Regulations, Plaintiff's UCL claim must be dismissed.

3                    **2.        Plaintiff fails to plausibly plead a UCL claim against Mitchell**

4              Plaintiff's UCL claim against Mitchell fails for the independent reason that Plaintiff fails

5   to plead facts with sufficient particularity to give rise to a plausible claim.

6              When, as here, Plaintiff's UCL claim is predicated on an allegation of deceptive or

7   fraudulent conduct, the allegations must meet Rule 9(b)'s heightened standards of particularity.

8   *Kearns*, 567 F.3d at 1125 (citation omitted); *see also Vess*, 317 F.3d at 1103 (when a UCL claim

9   is predicated on a "unified course of fraudulent conduct," the pleading as a whole must satisfy

10  Rule 9(b)).  Plaintiff cannot meet this standard here, because the amended complaint fails to

11  identify *any* communications between Plaintiff and Mitchell, let alone any fraudulent or deceptive

12  statements pleaded with particularity.

13             Nor can Plaintiff make such an allegation, because Mitchell has never communicated with

14  Plaintiff.  Instead, as Plaintiff recognizes, in the context of total loss claims, Mitchell collects data

15  and provides analysis of the data and recommendations to insurance companies like Progressive

16  to assist them in providing a fair market value for a total loss vehicle.  *Vehicle Market Research,*

17  *Inc.*, 767 F.3d at 989.

18             Unable to point to any communications he had with Mitchell, Plaintiff is forced to rely on

19  general allegations that the "Defendants" took certain actions.  *See, e.g.*, Am. Cmplt. ¶ 5 ("the

20  Defendants employed methods contrary to the California Insurance Regulations, and constituted

21  outright deception"); Am. Cmplt. ¶ 16 ("Defendants . . . engaged in various schemes to deflate

22  the value of declared 'total loss vehicles'"); Am. Cmplt.  ¶ 53 ("the acts and practices of

23  Progressive and Mitchell violate California public policy that is tethered to regulations governing

24  persons engaged in the practice of adjusting claims on automobile insurance policies"); Am.

25  Cmplt. ¶ 54 (stating the Defendants' business practices "constitute fraudulent business practices"

26  that "are likely to deceive members of the public," particularly "Defendants false communications

27  which misuse 'comparable vehicles' and the devaluation of total loss vehicle.").

28

MITCHELL'S NOTICE OF MOTION AND
MOTION TO DISMISS; MPA IN SUPPORT
CASE NO. 3:16-CV-06941 JD

1    But these general allegations of activity by the "Defendants" are insufficient to plead a

2    cause of action against Mitchell under the plausibility standards of Rule 12(b)(6) – let alone the

3    heightened standards of particularity required under Rule 9(b).  *See Swartz v. KPMG LLP*, 476

4    F.3d 756, 764-65 (9th Cir. 2007) ("Rule 9(b) does not allow a complaint to merely lump multiple

5    defendants together but 'requires plaintiffs to differentiate their allegations when suing more than

6    one defendant . . . and inform each defendant separately of the allegations surrounding his alleged

7    participation in the fraud") (citations omitted).  In short, Plaintiff's failure to specifically identify

8    any allegedly fraudulent actions taken by Mitchell that were directed towards the Plaintiff

9    requires the dismissal of the UCL claim.

10    **3.      There is no private right to enforce the California Insurance Code**

11    For purposes of efficiency, and rather than restating the argument in its entirety, Mitchell

12    also joins in the argument presented in co-Defendant Progressive's Motion to Dismiss, that the

13    UCL claim should be dismissed because there is no "private civil cause of action against an

14    insurer that commits one of the various acts listed" in the California Insurance Code, § 790.03(h).

15    *See Moradi-Shalal*, 758 P.2d at 68.

16    **C.      Count Two for Common Law Fraud Should be Dismissed**

17    **1.      Plaintiff fails to plausibly plead a fraud claim.**

18    Plaintiff's claim in Count Two for common law fraud should be dismissed because

19    Plaintiff does not (and cannot) allege a fraudulent communication from Mitchell to Plaintiff.

20    To plead a claim for common law fraud under California law, Plaintiff must allege "(a)

21    misrepresentation (false representation, concealment, or nondisclosure); (b) knowledge of falsity

22    (or 'scienter'); (c) intent to defraud, i.e., to induce reliance; (4) justifiable reliance; and (e)

23    resulting damage."  *Kearns*, 567 F.3d at 1126 (citation omitted).  Rule 9(b)'s heightened pleading

24    standards of particularity apply, and require Plaintiff to "state with particularity the circumstances

25    constituting fraud."  *Id*. at 1124.  To meet this standard, Plaintiff's allegations must contain "an

26    account of the time, place, and specific content of the false representations as well as the

27    identities of the parties to the misrepresentations."  *Swartz*, 476 F.3d at 764.  In other words, the

28

MITCHELL'S NOTICE OF MOTION AND
MOTION TO DISMISS; MPA IN SUPPORT
CASE NO. 3:16-CV-06941 JD

1    allegations must describe "'the who, what, when, where, and how' of the misconduct charged."

2    *Kearns*, 567 F.3d at 1126 (citation omitted).

3         Plaintiff's allegations fall far short of this standard.  As stated previously, Plaintiff fails to

4    identify *any* communication between Mitchell and Plaintiff.  Again, Plaintiff cannot make such an

5    allegation, because Mitchell has never communicated directly with the Plaintiff, nor does Plaintiff

6    have a contractual relationship with Mitchell.  Therefore, Plaintiff is unable to plausibly allege

7    that Mitchell made a misrepresentation to Plaintiff with the specific intention of inducing the

8    Plaintiff to take action – or that Plaintiff allegedly relied on any such misrepresentation – as

9    required to state a claim for fraud.

10        Instead, Plaintiff again relies on general allegations that the "Defendants" allegedly made

11   certain fraudulent statements.  *See, e.g.*, Am. Cmplt. ¶ 62 (stating the Defendants "intentionally

12   and knowingly made false statements to [Plaintiff] about the value of his car to induce him to

13   accept a reduced amount on his automobile insurance claim.").  But these generic, conclusory

14   allegations of alleged unspecified wrongful statements by the "Defendants" fall far short of

15   specifically describing "'the who, what, when, where, and how' of the misconduct charged,"

16   which is required to plausibly plead a claim for fraud against Mitchell.  *Kearns*, 567 F.3d at 1126

17   (citation omitted).  Because Plaintiff does not (and cannot) allege even a single statement made

18   by Mitchell directly to the Plaintiff – regardless of the content of the statement – Plaintiff's claim

19   for common law fraud should be dismissed.

20              **2.     The economic loss doctrine bars Plaintiff's fraud claim**

21        For purposes of efficiency, and rather than restating the argument in its entirety, Mitchell

22   also joins in the argument presented in co-Defendant Progressive's Motion to Dismiss that the

23   fraud claim should be dismissed pursuant to the economic loss doctrine, because Plaintiff cannot

24   seek economic losses arising from an alleged breach of contract via a claim for fraud.  *See, e.g.*,

25   *Multifamily Captive Grp., LLC v. Assurance Risk Managers, Inc.*, 629 F. Supp. 2d 1135 (E.D.

26   Cal. 2009).

27

28

**D.      Count Three for Negligent Misrepresentation Should be Dismissed**

**1.      Plaintiff fails to plead a claim for negligent misrepresentation**

Plaintiff's claim for negligent misrepresentation should be dismissed for the same reasons that Plaintiff's fraud claim fails: namely, Plaintiff does not (and cannot) allege a misrepresentation from Mitchell specifically directed towards the Plaintiff.

The elements of a negligent misrepresentation claim are similar to those for fraud, in that Plaintiff must allege: (1) misrepresentation of a past or existing material fact; (2) without reasonable ground for believing it to be true; (3) with intent to induce another's reliance on the misrepresentation; (4) ignorance of the truth and justifiable reliance on the misrepresentation by the party to whom it was directed; and (5) resulting damage. *Glenn K. Jackson Inc. v. Roe*, 273 F.3d 1192, 1201 n.2 (9th Cir. 2001); *see also Firoozye v. Earthlink Network*, 153 F. Supp. 2d 1115, 1128 (N.D. Cal. 2001) ("the plaintiff must show that the defendant made a misrepresentation without reasonable grounds for believing it to be true and that the representation was intended to induce the plaintiff to take some action in reliance upon it") (citation omitted).  As with fraud claims, it is "well-established in the Ninth Circuit that . . . claims for . . . negligent misrepresentation must meet Rule 9(b)'s particularity requirements." *Strome v. DBMK Enterprises, Inc.*, No. 14-cv-02398-SI, 2014 WL 6485533, at *7 (N.D. Cal. Nov. 19, 2014) (citation omitted); *see also Neilson v. Union Bank of California, N.A.*, 290 F. Supp. 2d 1101, 1141-42 (C.D. Cal. 2003) (applying standards of Rule 9(b) to dismiss negligent misrepresentation claim because plaintiff "fails to plead that [defendant's representative] made the representations alleged lacking reasonable grounds to believe that they were true").

Plaintiff's allegations in support of the negligent misrepresentation claim are identical to those in support of the fraud claim, except that Plaintiff alleges that "Progressive and Mitchell negligently [rather than intentionally] made false statements to [Plaintiff] about the value of his car to induce him to accept a reduced amount on his automobile insurance claim."  Am. Cmplt. ¶ 66.  As such, the negligent representation claim fails for the same reason as the fraud claim: the generic, conclusory allegations of alleged negligent wrongdoing continue to fall far short of Rule

9(b)'s heightened standards of particularity.  Plaintiff still fails to identify any specific communication from Mitchell to Plaintiff, for the purpose of inducing Plaintiff to take action, and on which Plaintiff allegedly relied.

> **2.      The economic loss doctrine bars the negligent misrepresentation claim**

For purposes of efficiency, and rather than restating the argument in its entirety, Mitchell also joins in the argument presented in co-Defendant Progressive's Motion to Dismiss that the negligent misrepresentation claim should be dismissed pursuant to the economic loss doctrine, because Plaintiff cannot seek economic losses arising from an alleged breach of contract via a claim for negligent misrepresentation.  *Crystal Springs Upland School v. Fieldturf USA, Inc.*, No. 16-cv-01335-HSG, 2016 WL 6576634, at *6 (N.D. Cal. Nov. 7, 2016) ("[A] negligent misrepresentation claim paralleling a contract claim that prays only for economic damages will be barred by the economic loss rule unless the plaintiff alleges both that the defendant made an affirmative misrepresentation, and that the defendant's misrepresentation exposed the plaintiff to independent personal liability.").

## V.      CONCLUSION

For these reasons, Mitchell respectfully requests that the Court dismiss each cause of action alleged against Mitchell with prejudice.

Dated:  March 2, 2017

Respectfully submitted,

MORGAN, LEWIS & BOCKIUS LLP

By: */s/ Scott T. Schutte*

Scott T. Schutte (*pro hac vice* filed)
Gregory T. Fouts (*pro hac vice* filed)
Tedd M. Warden (*pro hac vice* filed)
Morgan, Lewis & Bockius LLP
77 West Wacker Drive, #500
Chicago, Illinois 60601

and

Phillip J. Wiese
Morgan, Lewis & Bockius LLP

13

1

2

One Market, Spear Street Tower
San Francisco, CA 94105

3

*Attorneys for Defendant Mitchell
International, Inc.*

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MITCHELL'S NOTICE OF MOTION AND
MOTION TO DISMISS; MPA IN SUPPORT
CASE NO. 3:16-CV-06941 JD

1

## **FILER'S ATTESTATION**

2    I, Phillip J. Wiese, am the ECF user whose identification and password are being used to

3  file this DEFENDANT MITCHELL INTERNATIONAL, INC.'S MOTION TO DISMISS

4  COMPLAINT; MEMORANDUM AND POINTS OF AUTHORITIES IN SUPPORT

5  THEREOF.  Pursuant to L.R. 5-1(i)(3), I hereby attest that the concurrence in the electronic filing

6  of this document has been obtained from each of the other signatories.

7

8  Dated:  March 2, 2017                    By: */s/ Phillip J. Wiese*_____

9                                                 Phillip J. Wiese

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MITCHELL'S NOTICE OF MOTION AND
MOTION TO DISMISS; MPA IN SUPPORT
CASE NO. 3:16-CV-06941 JD