GEOFFREY M. EZGAR (State Bar No. 184243)
gezgar@kslaw.com
KING & SPALDING LLP
601 South California Avenue, Suite 100
Palo Alto, CA 94304
Telephone:   (650) 422-6700
Fax:              (650) 422-6800

JEFFREY S. CASHDAN (Admitted Pro Hac Vice)
jcashdan@kslaw.com
ZACHARY A. MCENTYRE (Admitted Pro Hac Vice)
zmcentyre@kslaw.com
JULIA C. BARRETT  (Admitted Pro Hac Vice)
jbarrett@kslaw.com
KING & SPALDING LLP
1180 Peachtree St.
Atlanta, GA 30309
Telephone: (404) 572 4600
Facsimile: (404) 572 5100


Counsel for Defendant
PROGRESSIVE CASUALTY INSURANCE
COMPANY

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BOBBY JONES, individually and on behalf of all other similarly situated,<br><br>           Plaintiffs,<br>v.<br><br>PROGRESSIVE CASUALTY INSURANCE COMPANY, THE PROGRESSIVE CORPORATION, and MITCHELL INTERNATIONAL, INC.; and DOES 1 through 50, inclusive,<br><br>           Defendants, | Case No. 3:16-cv-06941 JD<br><br>**NOTICE OF PROGRESSIVE CASUALTY INSURANCE COMPANY'S MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>**Date:  May 18, 2017**<br>**Time: 10:00 AM**<br>**Dept.   11**<br>**Judge:  Hon. James Donato** |

# TABLE OF CONTENTS

Page

NOTICE OF MOTION AND MOTION ................................................................................... 1

MEMORANDUM OF POINTS AND AUTHORITIES ............................................................ 1

I. STATEMENT OF ISSUES TO BE DECIDED ............................................................ 1

II. INTRODUCTION ......................................................................................................... 1

III. FACTUAL BACKGROUND ........................................................................................ 3

    A. The Insurance Policy ........................................................................................ 3

    B. Plaintiff's Collision and Insurance Claims ....................................................... 3

    C. Plaintiff's Claims .............................................................................................. 5

IV. ARGUMENT ................................................................................................................. 6

    A. Plaintiff Has No Private Right of Action for Alleged Violations of the Total Loss Regulation. ................................................................................ 7

    B. Plaintiff Has Not Sufficiently Pled a Claim for Breach of Contract. ........................................................................................................ 10

    C. Plaintiff's Fraud-Based Claims Fail as a Matter of Law. ............................... 11

V. CONCLUSION ............................................................................................................ 13

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Abbit v. ING USA Annuity and Life Ins. Co.*,
    999 F. Supp. 2d 1189 (S.D. Cal. 2014)..................................................................................10

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009)................................................................................................................6

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007)..........................................................................................................6, 12

*Brosnan v. Castellanos*,
    No. C 09-2174 PJH, 2009 WL 2246210 (N.D. Cal. July 27, 2009) ........................................7

*Buckley v. Cracchiolo*,
    No. 2:13-cv-4609-CAS, 2014 WL 545751 (C.D. Cal. Feb. 7, 2014) ....................................13

*Copelan v. Infinity Ins. Co.*,
    Case No. CV 16-1355-R, 2016 WL 3398408 (C.D. Cal. June 14, 2016).........................10, 11

*Crystal Springs Upland Sch. V. Fieldturf USA, Inc.*,
    Case No. 16-cv-01335-HSG, 2016 WL 6576634 (N.D. Cal. Nov. 7, 2016) ..........................12

*Foster Poultry Farms v. Alkar-Rapidpak-MP Equip., Inc.*,
    868 F. Supp. 2d 983 (E.D. Cal. 2012).......................................................................11, 12, 13

*Kearns v. Ford Motor Co.*,
    567 F.3d 1120 (9th Cir. 2009) ...............................................................................................11

*Lennane v. Am. Zurich Ins. Co.*,
    No. 2:13-cv-02311 JAM AC, 2014 WL 546061 (E.D. Cal. Feb. 10, 2014)........................8, 9

*Moradi-Shalal v. Fireman's Fund Ins. Companies*,
    758 P.2d 58 (Cal. 1988) ................................................................................................ *passim*

*Morrison v. U.S. Dept. of Justice*,
    No. C 13-00654 JSW, 2013 WL 1964930 (N.D. Cal. May 10, 2013)......................................6

*Moss v. U.S. Secret Serv.*,
    572 F.3d 962 (9th Cir. 2000) ...................................................................................................6

*Multifamily Captive Grp., LLC v. Assurance Risk Managers, Inc.*,
    629 F. Supp. 2d 1135 (E.D. Cal. 2009).................................................................................13

*Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Cambridge Integrated Servs. Grp., Inc.*,
    171 Cal. App. 4th 35 (2009) .................................................................................................12

*Neal v. Quality Loan Service Corp.*,
  No. 07-55383, 2008 WL 5064907 (9th Cir. Nov. 24, 2008) .................................................. 10

*Perez v. State Farm Mut. Auto. Ins. Co.*,
  No. C 06-019620 JW, 2011 WL 7318754 (N.D. Cal. March 23, 2011) .................................... 6

*R & R Sails, Inc. v. Ins. Co. of State of Pa.*,
  610 F. Supp. 2d 1222 (S.D. Cal. 2009) .................................................................................... 8

*Reid v. Allstate Ins. Co.*,
  No. C-99-1120-VRW, 2000 WL 502848 (N.D. Cal. April 14, 2000) ....................................... 7

*Stop Youth Addiction, Inc. v. Lucky Stores, Inc.*,
  950 P. 2d 1086 (Cal. 1998) ....................................................................................................... 9

*U.S. v. Ritchie*,
  342 F. 3d 903 (9th Cir. 2003) ................................................................................................... 3

*Willbanks v. Progressive Choice Ins. Co.*,
  No. 1:10-CV-1299 AWI SKO, 2010 WL 4861349 (E.D. Cal. Nov. 17, 2010) ........................ 8

*Zhang v. Super. Ct.*,
  304 P.3d 163 (Cal. 2013) .................................................................................................. 2, 8, 9

**Statutes**

California Business and Professions Code § 17200, *et seq.* .................................................. *passim*

California Insurance Code § 790.03 ........................................................................................ *passim*

**Other Authorities**

10 C.C.R. § 2695.8 .................................................................................................................. *passim*

Federal Rule of Civil Procedure 9(b) ........................................................................................ 2, 11

Federal Rules of Civil Procedure 12(b)(6) ..................................................................................... 1

Federal Rule of Civil Procedure 8 ................................................................................................ 12

### NOTICE OF MOTION AND MOTION

PLEASE TAKE NOTICE that on May 18, 2017 at 10:00 a.m. or at such other date as may be agreed upon or ordered, Defendant Progressive Casualty Insurance Company ("Progressive Casualty") will and hereby does move this Court to dismiss Plaintiff's First Amended Complaint ("FAC") for failure to state a claim under Federal Rules of Civil Procedure 12(b)(6) and 9(b). Progressive Casualty's motion is based on the following Memorandum of Points and Authorities, the FAC, and all documents attached to the FAC.[1]

Progressive Casualty respectfully requests that the Court dismiss all claims in the FAC. Pursuant to Paragraph 13 of Judge Donato's Standing Order for Civil Cases, The Progressive Corporation hereby notifies the Court that Julia C. Barrett, an associate at King & Spalding LLP, will argue this motion. Ms. Barrett obtained her J.D. from The University of Texas School of Law in 2013.

### MEMORANDUM OF POINTS AND AUTHORITIES

**I.    STATEMENT OF ISSUES TO BE DECIDED**

1. Are Plaintiff's claims barred because they amount to a claim for a violation of a California insurance regulation for which there is no private right of action?
2. Should Plaintiff's claims be dismissed as inadequately pled under Rule 8 and Rule 9(b)?
3. Does the economic loss doctrine bar Plaintiff's fraud and negligent misrepresentation claims?

**II.   INTRODUCTION**

Plaintiff contends that Progressive Casualty violated the California insurance regulation promulgated by the Insurance Commissioner under the Unfair Insurance Practices Act ("UIPA"), that governs the adjustment of automotive total loss claims, 10 C.C.R. § 2695.8 (the "Total Loss Regulation"), because it did not value Plaintiff's total loss vehicle based on "lawful 'comparable

---

[1] The Progressive Corporation is contemporaneously filing a separate motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) and for lack of personal jurisdiction under Rule 12(b)(2).

automobiles'," as that term is used in the Total Loss Regulation. FAC ¶¶ 2, 4. Specifically, Plaintiff alleges that Progressive Casualty violated the Total Loss Regulation by: (1) failing to make required adjustments between the comparable automobile and the insured vehicle; (2) failing to properly use and report dealer quotes; (3) failing to consider certain comparable vehicles; and (4) ignoring the insured's purchase price, even when the purchase was made during the appropriate time frame under the Total Loss Regulation. *See* FAC ¶¶ 19-23.

Plaintiff's FAC should be dismissed because, no matter how his claims are styled, they uniformly seek redress for purported violations of the Total Loss Regulation. The California Supreme Court established nearly three decades ago—and clarified in 2013—that there is no private right of action for a violation of the UIPA or the regulations promulgated by the Insurance Commissioner pursuant to the UIPA, such as the Total Loss Regulation. *See Moradi-Shalal v. Fireman's Fund Ins. Companies*, 758 P.2d 58 (Cal. 1988); *Zhang v. Super. Ct.*, 304 P.3d 163, 166 (Cal. 2013). Plaintiff may not avoid this absolute bar by describing his claims as something other than what they really are: a claim that Progressive Casualty failed to comply with the Total Loss Regulation. The Court, therefore, should dismiss Plaintiff's FAC.

Plaintiff's claims also fail for additional, independent reasons. Plaintiff's breach of contract claim fails because Plaintiff's Policy was with Progressive Direct Insurance Company ("PDIC"), not Progressive Casualty, and because, even if Plaintiff's Policy had been issued by Progressive Casualty, Plaintiff fails to allege the provision of his insurance policy that Progressive Casualty ostensibly breached. Plaintiff's fraud and negligent misrepresentation claims—and Plaintiff's claim under the California Unfair Competition Law ("UCL"), Bus. & Prof. Code § 17200, to the extent it is based on purportedly deceptive conduct—fail because they are summarily pled, without any particularized allegations to support them, as required by Federal Rule of Civil Procedure 9(b). And Plaintiff's fraud and negligent misrepresentation claims are also barred by the economic loss doctrine because they are based on the same purely economic loss that Plaintiff contends he incurred as a result of Progressive Casualty's purported failure to comply with the Total Loss Regulation.

Progressive Casualty respectfully requests that the Court dismiss the FAC.

## III. FACTUAL BACKGROUND

### A. The Insurance Policy

PDIC insured Plaintiff pursuant to the terms and conditions set forth in Plaintiff's automobile insurance policy (the "Policy"). *See* FAC. ¶ 28; *see also* Policy, attached as Ex. A to the FAC.[2] In the event of a "total loss," PDIC promised to pay the "lowest of" the values set forth in the Policy, including the amount necessary to repair or replace the vehicle, or the "actual cash value" of the vehicle at the time it was damaged, based on the "market value, age, and condition of the vehicle at the time the loss occurs." Policy, Part IV—Damage to a Vehicle, Limits of Liability, pp. 22-23. The Policy provides that in adjusting Plaintiff's claims, PDIC "may use estimating, appraising, or injury evaluation systems," including "computer software, databases, and specialized technology" developed either by PDIC "or a third party." Policy, Part VII—General Provisions, Settlement of Claims (p. 29). The procedures for determining total loss value are further set out in the Total Loss Regulation. *See* FAC ¶ 23 (quoting 10 C.C.R. § 2695.8(b)).

### B. Plaintiff's Collision and Insurance Claims

On November 18, 2015, Plaintiff was driving his 1999 Chevrolet Venture when he collided with another vehicle. FAC ¶¶ 25-26. Plaintiff made a claim under the collision coverage provision of the Policy, and he alleges that "Progressive"—apparently Progressive Casualty and The Progressive Corporation together, neither of which issued his Policy—deemed his vehicle a total loss. *Id.* ¶¶ 27, 29. Plaintiff alleges that "Progressive" determined the value of his vehicle with the assistance of Mitchell International, Inc. ("Mitchell"), *id.* ¶ 3, and that "Progressive" made an offer to settle his claim for $2,488.40, *id.* ¶ 30. Plaintiff apparently

---

[2] Because the Policy is attached to the FAC, the Court may consider it without converting the motion to a motion for summary judgment. *See U.S. v. Ritchie*, 342 F. 3d 903, 908 (9th Cir. 2003) ("A court may . . . consider . . . documents attached to the complaint . . . without converting the motion to dismiss into a motion for summary judgment.").

1  rejected the purported offer (although the FAC does not expressly so allege) because it was less
2  than he had paid for the vehicle a month earlier. *See id.* ¶¶ 30-31.

3  According to Plaintiff, "Progressive" next "obtained three other 'comparable vehicle'
4  quotes." FAC ¶ 32. Two of those quotes, Plaintiff alleges, were from dealers in other states. *Id.*
5  Plaintiff contends that one of the quotes did not reflect a "comparable vehicle" within the
6  meaning of the Total Loss Regulation because it was a "prior 'total loss vehicle' (aka 'salvage
7  title')." *Id.* ¶ 33; *see also id.* ¶¶ 18-22 (describing Progressive Casualty's and Mitchell's
8  purported "schemes" to circumvent the Total Loss Regulation). Plaintiff does not allege whether
9  "Progressive" made an offer to settle his total loss claim based on those two quotes, the amount
10 "Progressive" offered him to settle his total loss claim, or whether he accepted the offer.

11 "The third 'comparable vehicle'" "used" in valuing Plaintiff's total loss vehicle was
12 apparently two vehicles: Plaintiff alleges that "Progressive" obtained "alleged quotes from
13 dealers in [his] area," Calidad Motors and Ace Auto Dealers, for "$3,000.00 and $2,600.00,
14 respectively." FAC ¶ 34. Yet, Plaintiff also contends that "Progressive" "never actually
15 obtained a quote from a licensed dealer," *id.*, as the Total Loss Regulation requires. *Id.*; *see also*
16 *id.* ¶ 20 ("Progressive and Mitchell International Inc. failed to properly seek, use and report
17 Dealer quotes as required by law."). According to Plaintiff, "Progressive" and Mitchell
18 "misrepresented their claims to both [himself] and the dealers, and failed to other [sic] use good
19 faith and fair dealing in this valuation method." *Id.* ¶ 34.

20 Once again, Plaintiff does not allege whether "Progressive" made an offer to settle his
21 claim based on the two quotes from Calidad Motors and Ace Auto Dealers, the amount
22 "Progressive" offered him, or whether he accepted "Progressive's" offer. Instead, Plaintiff
23 alleges only that, "[b]ased on these and other misrepresentations, [he] was induced to accept a
24 reduced valuation of his 1999 Chevrolet Venture." *Id.* ¶ 35. What "misrepresentations" Plaintiff
25 is referring to is unclear. *See id.* ¶ 17 (alleging that Defendants "affirmatively represent[ed] to
26 the Insured that they were using comparable vehicles"); ¶ 57 (alleging that "[b]ased on the
27 language and communications from Progressive and Mitchell, Plaintiff reasonably believed he
28 had no reasonable option but to accept the amount offered by Progressive"); *id.* ¶¶ 62 & 66

4

1 ("Progressive and Mitchell intentionally and knowingly made false statements to Bobby Jones
2 about the value of his car . . ."); *id.* ¶ 71 (alleging "Progressive" breached Policy "by
3 misrepresenting material facts"). Regardless, Plaintiff does not allege *any* specifics about *any*
4 purported misrepresentation. *Id.* ¶ 34. He does not allege who—other than the generic
5 "Progressive" and Mitchell—made any representation; precisely what any representation was;
6 how any representation was supposedly made (*i.e.*, verbally or in writing); or when any
7 representation was allegedly made. *See* FAC ¶¶ 57, 62, 66.

8 Despite Plaintiff's purported disagreement with "Progressive's" valuation of his vehicle,
9 he does not allege that he availed himself of the comprehensive dispute resolution process set
10 forth in the Total Loss Regulation, *see* 10 C.C.R. § 2695.8(c).

11 **C.    Plaintiff's Claims**

12 Plaintiff expressly alleges that "Progressive" paid him some amount for his total loss
13 vehicle—without alleging the actual amount. *Id.* ¶ 35 (alleging only that Plaintiff accepted a
14 "reduced valuation"). But Plaintiff contends that "Progressive" determined that amount in a
15 manner that purportedly violates California's Total Loss Regulation because it was not based on
16 the value of "lawful 'comparable automobiles,'" as that term is used in the Total Loss
17 Regulation. *Id.* ¶¶ 2, 4.

18 Based on this alleged regulatory violation, Plaintiff filed this lawsuit, seeking to represent
19 a purported class and asserting claims against The Progressive Corporation and Progressive
20 Casualty for: (Count I) Violation of California's Business and Professions Code § 17200, *et seq.*;
21 (Count II) Fraud; (Count III) Negligent Misrepresentation; and (Count IV) Breach of Contract.
22 Plaintiff's allegations make clear that all four of Plaintiff's claims are based on the same alleged
23 violation of the Total Loss Regulation, which Plaintiff quotes at length in the FAC. For
24 example, in Count I, Plaintiff alleges:

25 The business acts and practices alleged herein constitute unfair business practices
26 in that said acts offend public policy" in California "that is tethered to regulations
27 governing persons engaged in the practice of adjusting claims on automobile
28 insurance policies. For example the *unfair Trade Settlement Practices*

5

1  *Regulations, set forth in 10 C.C.R. 2695.6, et seq. were promulgated in order to*
2  *promote the good faith, prompt, efficient and equitable settlement of claims on a*
3  *cost effective basis.*  10 C.C.R. § 2695.1(2).
4 FAC ¶ 53 (emphasis added).  Plaintiff's fraud and negligent misrepresentation claims are
5 likewise predicated on "Progressive's" alleged failure to comply with the Total Loss Regulation.
6 *See, e.g.*, FAC ¶ 5 ("Defendants employed methods contrary to the California Insurance
7 Regulations, and constituted outright deception."); ¶ 17 ("Progressive" "misrepresented the
8 essential facts to the first party insured that they were using 'comparable vehicles' in determining
9 the value of the total loss vehicle").  And the same is true of Plaintiff's claim for breach of
10 contract, which is entirely duplicative of Plaintiff's fraud claims.  *See* FAC ¶ 71 ("Progressive
11 [Casualty] breached this contract by misrepresenting material facts to Mr. Jones to his detriment,
12 and failing to pay the reasonable value for his claim.").  Each of these claims fail as a matter of
13 law.

14 **IV.    ARGUMENT**

15  The Court should dismiss the FAC because Plaintiff fails, as a matter of law, to plead
16 sufficient facts to state a claim for relief that is "plausible on its face." *Ashcroft v. Iqbal*, 556
17 U.S. 662, 678 (2009) (internal quotation omitted).  "A claim has facial plausibility when the
18 plaintiff pleads factual content that allows the court to draw the reasonable inference that the
19 defendant is liable for the misconduct alleged." *Morrison v. U.S. Dept. of Justice*, No. C 13-
20 00654 JSW, 2013 WL 1964930, at *2 (N.D. Cal. May 10, 2013) (citing *Iqbal*, 556 U.S. at 678).
21 All factual allegations "must be enough to [rise] . . . above the speculative level." *Bell Atl. Corp.*
22 *v. Twombly*, 550 U.S. 544, 555 (2007); *see also Iqbal*, 556 U.S. at 678 (holding that plaintiffs
23 must do more than plead "labels and conclusions" or a "formulaic recitation of the elements of a
24 cause of action") (internal quotation omitted).  In sum, "[t]o survive a motion to dismiss, the
25 non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly
26 suggestive of a claim entitling the plaintiff to relief." *Perez v. State Farm Mut. Auto. Ins. Co.*,
27 No. C 06-019620 JW, 2011 WL 7318754, at *3 (N.D. Cal. March 23, 2011) (citing *Moss v. U.S.*
28 *Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2000)).

### A. Plaintiff Has No Private Right of Action for Alleged Violations of the Total Loss Regulation.

The Court should dismiss the FAC because Plaintiff's claims are predicated on Progressive Casualty's purported violation of the Total Loss Regulation, for which there is no private right of action under California law.

In *Moradi-Shalal v. Fireman's Fund Insurance Cos.*, the California Supreme Court held that there is no "private civil cause of action against an insurer that commits one of the various acts listed in section 790.03, subdivision (h)." 758 P.2d 58, 68 (Cal. 1988). Section 790.03 of the California Insurance Code contains the UIPA, under which the Department of Insurance promulgated the Total Loss Regulation. *See* Cal. Ins. Code § 790.03. Numerous courts have held that the *Moradi-Shalal* bar against private claims under the UIPA extends to claims for violations of regulations promulgated pursuant to the UIPA, including the Total Loss Regulation. *See, e.g.*, *Brosnan v. Castellanos*, No. C 09-2174 PJH, 2009 WL 2246210, at *4 (N.D. Cal. July 27, 2009) (holding that because California Code of Regulations § 2695(b) was "promulgated by the California Insurance Commissioner to delineate unfair claims settlement practices under Insurance Code § 790.03(f), then it follows as a matter of course and precedent that plaintiff cannot sue to enforce it"); *Reid v. Allstate Ins. Co.*, No. C-99-1120-VRW, 2000 WL 502848, at *4 (N.D. Cal. April 14, 2000) ("[P]laintiff's argument based on alleged violations of the Unfair Practices Act, Cal. Ins. Code § 790.03(h), and the regulations of Insurance Commission promulgated pursuant to the Act, is baseless. The California Supreme Court has held that the Act does not create a private right of action.").

While Plaintiff couches his claims as four different causes of action, they all arise from "Progressive's" purported violation of the California Insurance Code "standards for evaluating and paying automobile total loss claims" set forth in the Total Loss Regulation. *See* FAC ¶¶ 2, 4, 23 (citing and quoting 10 C.C.R. § 2695.8). Specifically, Plaintiff alleges that "Progressive" and Mitchell executed a "scheme" (i) to use vehicles with "salvage titles" as "comparable vehicles" without making appropriate adjustments; (ii) not to properly use dealer quotes; (iii) to ignore "comparable" vehicles from licensed dealers that were deemed to be "priced too high"; and (iv)

7

1  to ignore the insured's purchase price for his vehicle, even when the purchase was made during
2  the appropriate time frame under the Total Loss Regulation. *See* FAC ¶¶ 19-22. These alleged
3  failures would constitute a violation of the standards set forth in the Total Loss Regulation. *Id.* ¶
4  23. Because the California Insurance Commissioner promulgated the standards set forth in the
5  Total Loss Regulation pursuant to the UIPA, Plaintiff's claims premised on "Progressive's"
6  purported "scheme" to undervalue total loss vehicles are barred as a matter of law. *See* 10
7  C.C.R. § 2695.1 ("The Insurance Commissioner has promulgated these regulations in order to . . .
8  . delineate certain minimum standards for the settlement of claims which, when violated . . . shall
9  constitute an unfair claims settlement practice within the meaning of Insurance Code Section
10 790.03(h).").

11 Plaintiff attempts to avoid this bar on private claims based on alleged UIPA violations by
12 recasting them as UCL and common-law fraud and contract claims. Alleging the purported
13 wrongdoing in terms of fraud and unfair business practices, however, does not transform
14 Plaintiff's claims into something other than what they are—claims for violation of the Total Loss
15 Regulation promulgated under the UIPA. Courts specifically have held that a plaintiff may not
16 circumvent the prohibition against private claims under the UIPA by recasting his claim as a
17 UCL claim. *See, e.g.*, *Lennane v. Am. Zurich Ins. Co.*, No. 2:13-cv-02311 JAM AC, 2014 WL
18 546061, at *3 (E.D. Cal. Feb. 10, 2014) ("a plaintiff may not use the UCL to 'plead around' an
19 *absolute* bar to relief"); *Willbanks v. Progressive Choice Ins. Co.*, No. 1:10-CV-1299 AWI SKO,
20 2010 WL 4861349, at *3-4 (E.D. Cal. Nov. 17, 2010) ("[T]he California Supreme Court has held
21 that a plaintiff may not 'plead around' the limitations on raising UIPA claims by casting them as
22 claims brought under the UCL."); *R & R Sails, Inc. v. Ins. Co. of State of Pa.*, 610 F. Supp. 2d
23 1222, 1232 (S.D. Cal. 2009) (holding that an insured cannot bring a UCL claim based on a
24 violation of the UIPA). The FAC, therefore, should be dismissed.

25 The California Supreme Court's decision in *Zhang v. Superior Court* confirms that
26 dismissal is the right result. 304 P.3d 163, 166 (Cal. 2013). In *Zhang*, the court clarified that a
27 first party UCL action "on grounds *independent from*" the UIPA is not barred under *Moradi-*
28 *Shalal*. 304 P.3d at 166, 176 (UCL claim may not "rest exclusively on UIPA violations")

8

1  (emphasis added). Zhang specifically contended that the defendant "misleadingly advertised that it would timely pay the true value of her covered claims" and asserted that the defendant's "treatment of her claim demonstrated that it had no intention of honoring" its advertising promise. 304 P.3d at 173. Because the plaintiff's UCL claim was "premised on allegations of false advertising," which "provide[s] grounds for a UCL claim independent from the UIPA," it was not barred. *Id.* at 166, 173. The *Zhang* court made clear, however, that a claim entirely predicated on an ostensible UIPA violation will not lie. *Id.* at 170 (stating that case was not an impermissible "attempt to use the [UCL] to confer private standing to enforce a provision of the UIPA"). As one federal court observed, "the holding of *Zhang* . . . is merely that 'the UIPA does not immunize insurers from UCL liability for conduct that violates *other laws in addition to* the UIPA.'" *Lennane*, 2014 WL 546061, at *3 (quoting *Zhang*, 304 P.3d 163 (emphasis added)).

"*Zhang* is clear that a plaintiff may not use the UCL to 'plead around' an absolute bar to relief." *Id.* Yet, that is precisely what the FAC attempts to do. In stark contrast to the claims in *Zhang*, Plaintiff's claims are not predicated on grounds "independent from" Progressive Casualty's purported noncompliance with the Total Loss Regulation. 304 P.3d at 166. Plaintiff's claims uniformly arise from "Progressive's" purported "schemes" not to use "comparable" vehicles as mandated by the Total Loss Regulation. *See* FAC ¶¶19-22. Plaintiff's conclusory allegation that Progressive "misrepresented their claims to" him, inducing him to accept a reduced valuation of his vehicle, does not change the analysis because it is predicated on "Progressive's" alleged failure to comply with the Total Loss Regulation. FAC ¶¶ 34-35. That alleged failure to comply—*not* any alleged misrepresentation—is the basis for Plaintiff's alleged injury. *See id.* ¶¶ 34, 58, 62, 66.

In sum, Plaintiff attempts to use the UCL and his common law claims "to state a cause of action the gist of which is absolutely barred" under *Moradi-Shalal*. *Zhang*, 304 P.3d at 175 (citing *Stop Youth Addiction*, *Inc. v. Lucky Stores, Inc.*, 950 P. 2d 1086, 1094 (Cal. 1998)). Plaintiff's claims should be dismissed because there is no private right of action for a violation of the Total Loss Regulation upon which Plaintiff's FAC is predicated. *Lennane*, 2014 WL

1  546061, at *3 (dismissing UCL claim because plaintiff may not "plead [a] violation of the UIPA
2  as a basis for their UCL claim").

### B. Plaintiff Has Not Sufficiently Pled a Claim for Breach of Contract.

"To state a breach of contract claim under California law, a plaintiff must plead: (1) the existence of a contract between the parties; (2) the plaintiff's performance or excuse for nonperformance; (3) the defendant's failure to perform; and (4) resulting damages." *Abbit v. ING USA Annuity and Life Ins. Co.*, 999 F. Supp. 2d 1189, 1197 (S.D. Cal. 2014). Moreover, "[a] plaintiff must identify some contractual provision that has been breached in order to state a claim for breach of contract." *Copelan v. Infinity Ins. Co.*, Case No. CV 16-1355-R, 2016 WL 3398408, at *3 (C.D. Cal. June 14, 2016) (granting motion to dismiss claim for breach of contract). The Policy establishes on its face that Plaintiff cannot state a breach of contract claim against Progressive Casualty because the policy was not issued by Progressive Casualty—it was issued by PDIC. Ex. A to FAC. "It is well established that, under California law, only a party to an insurance contract may be held liable for breach of contract or for breach of the implied covenant of good faith and fair dealing." *See Jones v. AIG Risk Mgmt., Inc.*, 726 F. Supp. 2d 1049, 1054 (N.D. Cal. 2010) (quoting *Gruenberg v. Aetna Ins. Co.*, 510 P.2d 1032 (1973)).

Even if Plaintiff's Policy were with Progressive Casualty, however, his claim would still fail because Plaintiff does not allege that Progressive Casualty breached any term of his insurance Policy. The only provision of the Policy Plaintiff even identifies in the FAC is Progressive Casualty's promise to "pay for sudden, direct and accidental loss to a: covered auto." FAC ¶ 28. But Plaintiff does not allege that Progressive Casualty failed to pay Plaintiff for the loss to his covered automobile. And if Plaintiff is trying to assert a claim based on Progressive Casualty not paying him the amount he contends he was due under the Policy for his total loss vehicle, his claim fails because there are no allegations in the FAC to support it. *Neal v. Quality Loan Service Corp.*, No. 07-55383, 2008 WL 5064907, at *1 (9th Cir. Nov. 24, 2008) (district court "properly dismissed the breach of contract claim because [the plaintiff] failed to allege specific facts supporting the necessary elements of a breach of contract claim").

1   What Plaintiff alleges is that "Progressive" failed to comply with the Total Loss
2   Regulation—not that Progressive Casualty breached the Policy. Plaintiff's breach of contract
3   claim thus fails as a matter of law because Plaintiff does not point to any explicit "contractual
4   provision [of the Policy] that has been breached." *Copelan*, 2016 WL 3398408, at *3.

5   **C.   Plaintiff's Fraud-Based Claims Fail as a Matter of Law.**

6   Plaintiff's claims for common-law fraud and negligent misrepresentation, as well as his
7   deception claim under the UCL must be dismissed because they have not been pled with the
8   particularity required by Federal Rule of Civil Procedure 9(b). Fed. R. Civ. P. 9(b); *see Kearns*
9   *v. Ford Motor Co.*, 567 F.3d 1120, 1127 (9th Cir. 2009) (Rule 9(b)'s pleading requirement
10  "applies to claims which are made in federal court under the CLRA and UCL"); *Das v. WMC*
11  *Mortg. Corp.*, 831 F. Supp. 2d 1147, 1166 (N.D. Cal. 2011) (fraud-based negligent
12  misrepresentation claim is "subject to the heightened pleading requirements" of Rule 9(b)).

13  "Rule 9(b) . . . requires that 'a party must state with particularity the circumstances
14  constituting fraud;'" this "requires 'an account of the time, place, and specific content of the
15  false representation, as well as the identities of the parties to the misrepresentations.'" *Foster*
16  *Poultry Farms v. Alkar-Rapidpak-MP Equip., Inc.*, 868 F. Supp. 2d 983, 991 (E.D. Cal. 2012).
17  Plaintiff alleges in a vague and conclusory manner that he was "induced to accept" a reduced
18  valuation of his vehicle based on "misrepresentations" and "false statements . . . about the value
19  of" his vehicle made by Progressive. FAC ¶¶ 35, 62, 66. Elsewhere, Plaintiff alleges that
20  Progressive Casualty and Mitchell "misrepresented their claims to" Plaintiff, inducing him to
21  accept a reduced valuation of his vehicle. FAC ¶¶ 34-35; *see also id.* ¶ 57. With respect to both
22  alleged misrepresentations, however, it is entirely unclear exactly what misrepresentations were
23  made, how they were made (whether oral or written), when they were made, by whom, or how
24  Plaintiff was induced to rely on the representations to accept a reduced valuation of his vehicle.
25  The FAC is insufficient to satisfy Rule 9(b), and Plaintiff's fraud and negligent misrepresentation
26  claims must accordingly be dismissed.

27  Even if Plaintiff's negligent misrepresentation claim is not subject to the heightened
28  pleading standard of Rule 9(b), Plaintiff's negligent misrepresentation claim fares no better

11

1  under Rule 8, as construed in *Twombly*. 550 U.S. 544 (2007). Plaintiff has done nothing more
2  than recite the elements of a claim for negligent misrepresentation: "(1) [] [a] misrepresentation
3  of a past or existing material fact, (2) without reasonable ground for believing it to be true, (3)
4  with intent to induce another's reliance on the fact misrepresented, (4) justifiable reliance on the
5  misrepresentation, and (5) resulting damage." *Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v.
6  Cambridge Integrated Servs. Grp., Inc.*, 171 Cal. App. 4th 35, 50 (2009). Plaintiff's sweeping
7  and conclusory allegation that Progressive Casualty "represented to its first party insureds . . .
8  that it was using 'comparable vehicles' to determine the value of the total loss vehicle," when it
9  "knew or should have known such representation was false," FAC ¶ 17, is just the sort of
10 "formulaic recitation of the elements of a cause of action" prohibited by *Twombly*. 550 U.S. at
11 555.

12         Finally, Plaintiff's common-law fraud and negligent misrepresentation claims are barred
13 by the economic loss doctrine. "Under California law, the economic loss doctrine requires a
14 purchaser to recover in contract for purely economic loss due to disappointed expectations,
15 unless he can demonstrate harm above and beyond a broken contractual promise." *Foster
16 Poultry Farms*, 868 F. Supp. 2d at 991. Specifically, a plaintiff cannot seek "economic losses
17 arising from [] [an] alleged breach of contract," through a claim for fraud or negligent
18 misrepresentation. *Id.*; *see also Crystal Springs Upland Sch. v. Fieldturf USA, Inc.*, Case No. 16-
19 cv-01335-HSG, 2016 WL 6576634, at *6 (N.D. Cal. Nov. 7, 2016) ("[A] negligent
20 misrepresentation claim paralleling a contract claim that prays only for economic damages will
21 be barred by the economic loss rule."). The economic loss doctrine "prohibits the recovery of
22 tort damages in a breach of contract case" and "prevents the law of contract and the law of tort
23 from dissolving one into the other." *Foster Poultry Farms*, 868 F. Supp. 2d at 991.

24         Plaintiff's fraud and negligent misrepresentation claims are based on Plaintiff's allegation
25 that Progressive Casualty failed to sufficiently compensate him for his total loss vehicle under
26 the Policy because Progressive Casualty failed to comply with the Total Loss Regulation. *See,
27 e.g.*, FAC ¶¶ 4, 17, 28, 70. The assurances Plaintiff allegedly relied upon "relate[] to
28 [Progressive Casualty's] [alleged] duty under the contract" to compensate Plaintiff for his total

1  loss vehicle in accordance with the Total Loss Regulation. *Multifamily Captive Grp., LLC v.*
2  *Assurance Risk Managers, Inc.*, 629 F. Supp. 2d 1135, 1146 (E.D. Cal. 2009) (applying the
3  economic loss doctrine where "the misrepresentations at the center of plaintiffs' claim is the
4  contract itself").  But Plaintiff cannot recover on his claims for fraud and negligent
5  misrepresentation due to his "disappointed expectations" of coverage under the Policy. *Buckley*
6  *v. Cracchiolo*, No. 2:13-cv-4609-CAS (PJWx), 2014 WL 545751, at *6 (C.D. Cal. Feb. 7, 2014)
7  (applying economic loss doctrine to fraud claim where "the harm allegedly suffered by plaintiff
8  due to defendants' alleged misrepresentation" concerning his insurance policy "is identical to the
9  'disappointed expectations' that plaintiff allegedly suffered" by the refusal to provide coverage).
10 Plaintiff does not allege any "personal damages independent of . . . [his] economic loss." *Id.*
11 Indeed, the only injury Plaintiff purportedly incurred for Progressive Casualty's supposed
12 "misrepresentations" is "monetary damages." *Id.* ¶¶ 64, 68.

13 Because the economic loss doctrine prohibits Plaintiff from recovering such economic
14 losses under a tort theory of recovery, his fraud and negligent misrepresentation claims
15 accordingly should be dismissed. *See Foster Poultry Farms*, 868 F. Supp. 2d at 991 ("Courts
16 have applied the economic loss rule to bar fraud claims where 'the damages plaintiffs seek are
17 the same economic losses arising from the alleged breach of contract.'"); *Buckley*, 2014 WL
18 545751, at *6 (holding that fraud claim based on insurance policy was barred by the economic
19 loss rule where harm "consists of the costs incurred as a result of . . . [a] collision").

20 **V.    CONCLUSION**

21 For the foregoing reasons, Progressive Casualty respectfully requests that the Court
22 dismiss Plaintiff's FAC for failure to state a claim under Rule 12(b)(6).

23 Respectfully submitted this 2nd day of March, 2017.

24
25                              KING & SPALDING LLP
26
27                              By: */s/ Geoffrey M. Ezgar*
                                       Geoffrey M. Ezgar
28

| | |
|---|---|
| 1 | Counsel for Defendant |
| 2 | PROGRESSIVE CASUALTY INSURANCE COMPANY |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28