Phillip J. Wiese (State Bar No. 291842)
phillip.wiese@morganlewis.com
MORGAN, LEWIS & BOCKIUS LLP
One Market, Spear Street Tower
San Francisco, CA 94105
Telephone:   +1 415 442 1000
Facsimile:   +1 415 442 1001

Scott T. Schutte (pro hac vice filed)
Gregory T. Fouts (pro hac vice filed)
Tedd M. Warden (pro hac vice filed)
scott.schutte@morganlewis.com
greg.fouts@morganlewis.com
tedd.warden@morganlewis.com
MORGAN, LEWIS & BOCKIUS LLP
77 West Wacker Drive, #500
Chicago, Illinois 60601

*Attorneys for Defendant
Mitchell International, Inc.*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| BOBBY JONES, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>PROGRESSIVE CASUALTY INSURANCE COMPANY, THE PROGRESSIVE CORPORATION, and MITCHELL INTERNATIONAL, INC.; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.  3:16-cv-06941 JD<br><br>DEFENDANT MITCHELL INTERNATIONAL, INC.'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT<br><br>Date: May 18, 2017<br>Time: 10:00 am<br>Location: Courtroom 11<br>Judge: Hon. James Donato |

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................................ ii

I.  INTRODUCTION ........................................................................................................................ 1

II. NEW ALLEGATIONS IN THE PROPOSED SECOND AMENDED COMPLAINT ............ 1

III. ARGUMENT ................................................................................................................................ 2

   A.  Plaintiff's Claim Against Mitchell for a Violation of the UCL Fails Because Mitchell is not an "Insurer" Subject to the California Insurance Regulations ........................................ 2

   B.  Counts One, Two and Three Each Fail Because Plaintiff Cannot Identify Any Communication From Mitchell to Plaintiff ............................................................................. 3

IV. CONCLUSION ............................................................................................................................ 4

# **TABLE OF AUTHORITIES**

**Cases**

*Deveraturda v. Globe Aviation Security Services*,
    454 F.3d 1043 (9th Cir. 2006) ................................................................................................ 1, 2

*Netbula, LLC v. Distinct Corp.*,
    212 F.R.D. 534 (N.D. Cal. 2003) ........................................................................................... 1, 2

*Swartz v. KPMG LLP*,
    476 F.3d 756 (9th Cir. 2007) ..................................................................................................... 4

**Rules**

Fed. R. Civ. P. 12(b)(6) ...................................................................................................................... 4

## I.   INTRODUCTION

Plaintiff's Motion for Leave to File a Second Amended Complaint should be denied as futile, because Plaintiff's proposed Second Amended Complaint establishes that Plaintiff has not (and cannot) plead valid claims against Mitchell.  *See, e.g.*, *Deveraturda v. Globe Aviation Security Services,* 454 F.3d 1043, 1049-50 (9th Cir. 2006) (holding leave to amend properly denied where amendment would be futile); *see also Netbula, LLC v. Distinct Corp.*, 212 F.R.D. 534, 538-39 (N.D. Cal. 2003) ("A claim is considered futile and leave to amend to add it shall not be given if there is no set of facts which can be proved under the amendment which would constitute a valid claim or defense.") (citation omitted).  Specifically, Plaintiff's proposed Second Amended Complaint cannot "fix" the fatal flaws identified in Mitchell's Motion to Dismiss the First Amended Complaint, including: (i) that his UCL claim against Mitchell is predicated on alleged violations of California's Fair Claims Settlement Practices Regulations (the California Insurance Code), and Mitchell is not an "insurer" subject to those laws; and (ii) that Plaintiff still does not (and cannot) allege that he had any direct communication with Mitchell about his vehicle's loss valuation (because he did not – all communications were with Progressive).  In other words, Plaintiff's proposed Second Amended Complaint fails to cure the fatal defects in Plaintiff's claims against Mitchell, and still fails to state a claim against Mitchell upon which relief can be granted.  The Motion for Leave to Amend should be denied.

## II.   NEW ALLEGATIONS IN THE PROPOSED SECOND AMENDED COMPLAINT

In the proposed Second Amended Complaint, Plaintiff includes a series of new allegations relevant to the terms and conditions of his insurance contract with Progressive.  *See, e.g.*, Dkt. No. 46, Proposed Second Amended Complaint, ¶ 26.  Plaintiff also makes new allegations regarding his wife's alleged injuries suffered in connection with the total loss of his automobile. *Id*. at ¶¶ 25, 28-29.  Plaintiff also admits that he agreed to settle his claim with Progressive for $2,800 (*see id*., ¶ 47) – a sum significantly larger than the $2,488.40 he suggests in paragraph 30 of the current operative Complaint that he received from Progressive to settle his claim.

Ultimately, however, these new allegations are irrelevant to Plaintiff's claims against Mitchell, because they do not allege any activity by Mitchell.[1]

The only new allegations that arguably are even relevant to Mitchell are that Plaintiff "reviewed the Mitchell valuation reports before agreeing to settle his total loss claim with Progressive," (*id*. ¶ 41), and that Mitchell allegedly "knew the reports and information were going to be used by Progressive insureds" in settling total loss claims with Progressive. *Id*. ¶ 43. These generic allegations aside, Plaintiff does not include any new allegations regarding alleged actions or statements taken or made by Mitchell directed towards Plaintiff.

### III.     ARGUMENT

#### A.     Plaintiff's Claim Against Mitchell for a Violation of the UCL Fails Because Mitchell is not an "Insurer" Subject to the California Insurance Regulations

Plaintiff's motion for leave to file the Second Amended Complaint should be denied, because Plaintiff is unable to plead a viable claim against Mitchell in Count One for a violation of the California UCL. Count One in Plaintiff's proposed Second Amended Complaint is identical in substance to the current operative Count One, and in fact, Plaintiff does not make any new allegations in support of his UCL claim against Mitchell. Moreover, as discussed above, Plaintiff fails to present any new allegations in the proposed Second Amended Complaint that describe any alleged actions by Mitchell. As such, Count One against Mitchell in the proposed Second Amended Complaint would fail for the same reasons that Plaintiff's current Count One fails: Plaintiff's UCL claim is based on an alleged violation of the California Insurance Code, and Mitchell is not an "insurer" subject to the Code and its regulations. *See, e.g.*, proposed Second Am. Cmplt. ¶ 67 ("the acts and practices of Progressive and Mitchell violate California public policy that is tethered to regulations governing persons engaged in the practice of adjusting claims on automobile insurance policies," including the Fair Claims Settlement Practices

---

[1] Oddly, Plaintiff chose not to include these allegations in the earlier iterations of his Complaint, despite the fact that each allegation describes activity that is uniquely within his own knowledge, and is not dependent upon any discovery from Mitchell (or Progressive). Indeed, Plaintiff has acknowledged that he could have included these allegations in his original Complaint.

1  Regulations).  Regardless of how many times Plaintiff amends Count One, Plaintiff still cannot
2  allege that Mitchell is an "insurer" subject to the California Insurance Code and/or the Fair
3  Claims Settlement Practices Regulations.  Necessarily, then, allowing Plaintiff to file the
4  proposed Second Amended Complaint would be futile, because Plaintiff's UCL claim in Count
5  One fails as a matter of law.  *Deveraturda,* 454 F.3d at 1049-50 (holding leave to amend properly
6  denied where amendment would be futile); *Netbula, LLC*, 212 F.R.D. at 538-39 ("A claim is
7  considered futile and leave to amend to add it shall not be given if there is no set of facts which
8  can be proved under the amendment which would constitute a valid claim or defense.").

**B.  Counts One, Two and Three Each Fail Because Plaintiff Cannot Identify Any Communication From Mitchell to Plaintiff**

11  The Court should deny Plaintiff's motion for leave to file the Second Amended Complaint
12  for the independent reason that Plaintiff does not (and cannot) allege *any* communications
13  between Plaintiff and Mitchell, let alone any fraudulent or deceptive statements.  Plaintiff's
14  failure to allege such communications requires the dismissal of Counts One (UCL), Two
15  (Common Law Fraud), and Three (Negligent Misrepresentation) in the current operative
16  Complaint, as Mitchell argued in its pending Motion to Dismiss.  Similarly, because Plaintiff's
17  allegations in support of Counts One, Two, and Three in the proposed Second Amended
18  Complaint are identical to those in the current Complaint, amending the Complaint would be
19  futile, and should be denied.

20  As mentioned, Plaintiff cannot identify *any* communications between Plaintiff and
21  Mitchell, let alone any fraudulent or deceptive statements pleaded with particularity.  Instead,
22  Plaintiff's proposed Second Amended Complaint continues to rely on general allegations that the
23  "Defendants" took certain actions.  *See, e.g.*, proposed Second Am. Cmplt. ¶ 5 ("the Defendants
24  employed methods contrary to the California Insurance Regulations, and constituted outright
25  deception"); ¶ 16 ("Defendants . . . engaged in various schemes to deflate the value of declared
26  'total loss vehicles'").  But these generic allegations of activity by the "Defendants" are
27  insufficient to plead claims against Mitchell in Counts One, Two, or Three under the plausibility

standards of Rule 12(b)(6) – let alone the heightened standards of particularity required under Rule 9(b) applicable to all three Counts. *See Swartz v. KPMG LLP*, 476 F.3d 756, 764-65 (9th Cir. 2007) ("Rule 9(b) does not allow a complaint to merely lump multiple defendants together but 'requires plaintiffs to differentiate their allegations when suing more than one defendant . . . and inform each defendant separately of the allegations surrounding his alleged participation in the fraud") (citations omitted).

Moreover, Plaintiff's bare new allegation in the proposed Second Amended Complaint that Mitchell allegedly "knew the reports and information were going to be used by Progressive insureds" in settling total loss claims with Progressive (*see* proposed Second Am. Cmplt. ¶ 43) cannot save Plaintiff's claims. Plaintiff provides no support for the generic allegation that Mitchell "knew" that Progressive would "use" the valuation recommendation reports with Plaintiff, or any other potential class member. But even if that unsupported allegation is credited, it *still* does not constitute a communication from Mitchell to Plaintiff – which Plaintiff implicitly admits. Instead, Mitchell's total loss valuation recommendation reports were communications from Mitchell to Progressive. Because Plaintiff does not (and cannot) allege the existence of any communication from Mitchell to Plaintiff – regardless of the content of the statement – Plaintiff's claims in Counts One, Two, and Three each will fail to state a claim against Mitchell. As such, Plaintiff's Motion for Leave to Amend should be denied as futile.

## IV.   CONCLUSION

For these reasons, Mitchell respectfully requests that the Court deny Plaintiff's Motion for Leave to File a Second Amended Complaint.

Dated:  April 27, 2017

Respectfully submitted,

MORGAN, LEWIS & BOCKIUS LLP

By: */s/ Scott T. Schutte*
    Scott T. Schutte (*pro hac vice* filed)
    Gregory T. Fouts (*pro hac vice* filed)
    Tedd M. Warden (*pro hac vice* filed)
    Morgan, Lewis & Bockius LLP
    77 West Wacker Drive, #500
    Chicago, Illinois 60601

1
2   and

3   Phillip J. Wiese
    Morgan, Lewis & Bockius LLP
4   One Market, Spear Street Tower
    San Francisco, CA 94105

5   *Attorneys for Defendant Mitchell International, Inc.*

6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**FILER'S ATTESTATION**

I, Phillip J. Wiese, am the ECF user whose identification and password are being used to file this DEFENDANT MITCHELL INTERNATIONAL, INC.'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT. Pursuant to L.R. 5-1(i)(3), I hereby attest that the concurrence in the electronic filing of this document has been obtained from each of the other signatories.

Dated:  April 27, 2017                                By: */s/ Phillip J. Wiese*
                                                                    Phillip J. Wiese