KLECZEK LAW OFFICE
David A. Kleczek (SBN 244045)
825 Washington Street, Suite 301
Oakland, CA 94607
Telephone:  (510) 291-4055
Facsimile:   (510) 663-7102
david.kleczek@kleczeklaw.com

LAW OFFICES OF H. PAUL BRYANT
H. Paul Bryant (SBN 126037)
825 Washington Street, Suite 303
Oakland, CA 94607
Telephone:  (510) 272-0700
Facsimile:   (510) 272-0776
hpaulbryantlaw@gmail.com

Attorneys for Plaintiff Bobby Jones
And the Proposed Class

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOBBY JONES, individually, and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>PROGRESSIVE CASUALTY INSURANCE COMPANY, THE PROGRESSIVE CORPORATION, and MITCHELL INTERNATIONAL, INC.; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.: 3:16-cv-06941 JD<br><br>Hon. James Donato<br><br>PLAINTIFF BOBBY JONES' MEMORANDUM IN OPPOSITION TO DEFENDANT MITCHELL INTERNATIONAL, INC. MOTION TO DISMISS SECOND AMENDED COMPLAINT |

## I.  INTRODUCTION

1

Bobby Jones obtained an automobile policy from a company he knew as "Progressive". Progressive Casualty Insurance Company and The Progressive Corporation (hereinafter "Progressive" or "the Progressive entities") underwrote that insurance policy.

The basis of the complaint against Progressive and Mitchell is they make material misrepresentations to its insureds about the value of comparable vehicles it uses to determine its insureds total loss vehicle value. In order to reduce the amount paid on total loss vehicles, Progressive and Mitchell entered into a scheme to induce insureds to accept less than the minimum amount due to them pursuant to the insurance policy. This scheme involved several layers of misrepresentations.

The most egregious of the practices by Mitchell and Progressive was using comparable vehicles with salvage title without disclosing or adjusting for that fact. A salvage title vehicle is worth significantly less than a comparable vehicle that had not been totaled in a prior accident. Mitchell and Progressive know these vehicles have salvage title when they use them to determine the value of the total loss vehicle, and they withhold this information.

A second scheme by the defendants involves obtaining comparable vehicle quotes from licensed automobile dealers in the geographic area of the total loss vehicle. Progressive and Mitchell claim to obtain quotes for a comparable vehicles from various local auto dealers, but in fact, Progressive and Mitchell misrepresent the value given by the dealer, and often do not even contact the dealer, but just make up a number that satisfies its need to reduce the value of the comparable.

Another scheme involved not accepting comparable vehicles offered by insureds that it deemed were too high. Progressive and Mitchell intentionally refuse to accept and consider vehicles for sale or sold for valuations higher than the value to which they are trying to induce the insured to accept.

These schemes admittedly involve and are intertwined with the requirements of the Unfair Insurance Practices Act. ("UIPA"). Clearly, under *Moradi-Shalal* there is no independent private right of action for violations of said act by third parties. However, *Moradi-Shalal* is not applicable for several reasons, but primarily because the despicable conduct by Progressive and Mitchell is outright fraud. The inclusion of portions of the UIPA is

2

PLAINTIFF BOBBY JONES' MEMORANDUM IN OPPSOITION TO DEFENDANT MITCHELL INTERNATIONAL INC. MOTION TO DISMISS SECOND AMENDED COMPLAINT

merely to serve as evidence of what the standard of care should be, not as an independent cause of action.

Frankly, if the UIPA had given rise to private rights of action, we would never be in this position in the first place. However, Progressive and Mitchell have not only violated several of the standards set forth in the UIPA, but have crossed the line into outright fraud and conspiracy. Given there is a remedy outside the mere UIPA violations, *Moradi-Shalal* does not apply.

II.     MOTION TO DISMISS STANDARD OF REVIEW

The standard of review in a Fed.R.Civ.P. 12(b)(6) motion is to take all allegations of material fact as true and construed in a light most favorable to the non-moving party. *Smith v. Jackson*, 84 F.3d 1213, 1217(9th Cir.1996). A complaint should not be dismissed unless it appears beyond doubt that the plaintiff can prove no sets of facts in support his claim which would entitle him to relief. *Lewis v. Telephone Employees Credit Union,* 87 F.3d 1537, 1545 (9th Cir. 1996).

> "The rules by which the sufficiency of a complaint is tested against a general demurrer are well settled. We not only treat the demurrer as admitting all material facts properly pleaded, but also 'give the complaint a reasonable interpretation, reading it as a whole and its parts in their context....' [Citation.] [¶] If the complaint states a cause of action under any theory, regardless of the title under which the factual basis for relief is stated, that aspect of the complaint is good against a demurrer. '[W]e are not limited to plaintiffs' theory of recovery in testing the sufficiency of their complaint against a demurrer, but instead must determine if the *factual* allegations of the complaint are adequate to state a cause of action under any legal theory....' [Citations.]" (*Quelimane, supra,* 19 Cal.4th at pp. 38–39, 77 Cal.Rptr.2d 709, 960 P.2d 513.)

<u>Yanting Zhang v. Superior Court</u>, 57 Cal. 4th 364, 370, 304 P.3d 163, 167 (2013)

III.    **THE UNFAIR INSURANCE PRACTICES ACT'S BAR AGAINST PRIVATE ACTION FOR UNFAIR INSURANCE PROACTIES DOES NOT PREVENT UNFAIR COMPETITION LAW CLAIMS BASED ON FALSE AND FRAUDULENTS CONDUCT.**

In *Moradi-Shalal*, the California Supreme Court overturned a 9 year old ruling which allowed private rights of action for violation of the UIPA. *Moradi-Shalal v. Fireman's Fund Insurance Companies*, 46 Cal.3d 287 (1988). While clearly a mere violation of the UIPA does

3

PLAINTIFF BOBBY JONES' MEMORANDUM IN OPPSOITION TO DEFENDANT MITCHELL INTERNATIONAL INC. MOTION TO DISMISS SECOND AMENDED COMPLAINT

give rise to a private right of action, where the conduct consisitutes independent causes of action, the UIPA cannot serve a shield.

> "A plaintiff may thus not 'plead around' an 'absolute bar to relief' simply 'by recasting the cause of action as one for unfair competition.' (*Manufacturers Life* [, *supra,*] 10 Cal.4th 257, 283 [41 Cal.Rptr.2d 220, 895 P.2d 56].) The rule does not, however, prohibit an action under the [UCL] merely because some other statute on the subject does not, itself, provide for the action or prohibit the challenged conduct. To forestall an action under the [UCL], another provision must actually 'bar' the action or clearly permit the conduct." (*Cel–Tech, supra,* 20 Cal.4th at pp. 182–183, 83 Cal.Rptr.2d 548, 973 P.2d 527.)

*Yanting Zhang v. Superior Court*, 57 Cal. 4th 364, 377, 304 P.3d 163, 172 (2013)

> However, when insurers engage in conduct that violates both the UIPA and obligations imposed by other statutes or the common law, a UCL action may lie. The Legislature did not intend the UIPA to operate as a shield against any civil liability. (*Moradi–Shalal,* at pp. 304–305, 250 Cal.Rptr. 116, 758 P.2d 58.)

*Yanting Zhang v. Superior Court,* 57 Cal. 4th 364, 384, 304 P.3d 163, 177 (2013)

In the case at bar, Plaintiff's bring a claim for breach of contract, fraud, California Unfair Competition Law, breach of the implied covenant of good faith and fair dealing, and declaratory relief.

To bring a claim under the California Unfair Competition Law, one must plead "a plaintiff must show either an (1) 'unlawful, unfair, or fraudulent business act or practice,' or (2) 'unfair, deceptive, untrue or misleading advertising.'" *Moss v. Infinity Insurance Company.* 197 F.Supp.3d 1191 (July 14, 2016). There can be little question the defendants practice of hiding salvage title vehicles to lower the comparable vehicle values qualifies under this definition.

As the facts, without regard to any reference in the complaint to the UIPA, give rise to, and satisfy the elements of, each cause of action, *Moradi-Shalal* is not applicable, and the motion to dismiss denied.

IV. **PLAINTIFF SUFFERED DAMAGES AS A RESULT OF THE WRONGFUL AND AGGREGIOUS CONDUCT.**

Let's be clear: Bobby Jones was induced to accept less than Progressive was required to pay him based on the fraudulent Mitchell reports. ¶35 SAC. The complaint does not list the

4

PLAINTIFF BOBBY JONES' MEMORANDUM IN OPPSOITION TO DEFENDANT MITCHELL INTERNATIONAL INC. MOTION TO DISMISS SECOND AMENDED COMPLAINT

dollar amount he lost.  But the complaint does state that on October 21, 2015 Mr. Jones paid $3,250 for his vehicle.  ¶24.  Mr. Jones accepted $2,800 (which is not alleged in the complaint, but can be) for a vehicle he bought less than a month earlier.  This is a $450 loss, or a 16% depreciation in less than 30 days on a 16 year old car.

**V.    PLAINTIFF IS NOT ALLEGING MITCHELL IS AN INSUROR OR THE UIPA GIVES RISE TO A PRIVATE RIGHT OF ACTION**

Mitchell is the company that actually obtained and massaged the data to scrub clean any reference to the salvage title.  These reports were provided to Progressive's insureds to substantiate the total loss vehicle offers.  Mitchell knew the reports were false, knew the reports were to be used by Progressive's insureds, and relied upon them in negotiating their claim.  Mitchell acted in concert with Progressive, and intentionally manipulated the data to falsify the results.  Both knew of the scheme and participated in the scheme.  This is the basis of the UCL claim.

However, the UIPA is relevant for the fact that it gave Mitchell and Progressive notice of at least a minimum standard to comply with under California law.  Clearly, Mitchell and Progressive are very aware of the UIPA and its requirements, but are also keenly aware that they do not give rise to a private right of action.  Insurers and their third party administrators attempt to hide behind the UIPA as a shield, claiming one cannot sue for anything that would be deemed a violation under the UIPA.

**VI.   PLAINTIFF PLEAD HIS FRAUD CLAIMS WITH PARTICULARITY**

Mitchell is misrepresenting the allegations of the SAC, and ignoring the well plead facts contained therein.  The SAC alleges that Mr. Jones made a property damage claim with Progressive for his 1999 Chevrolet Venture.  ¶27.  Shortly after making the claim, Progressive and Mitchell made several false and fraudulent representations to Mr. Jones.  Progressive and Mitchell used a salvage title vehicle as a 'comparable', knowing it was a salvage title vehicle, and not disclosing this fact to Mr. Jones.  ¶33.  Progressive and Mitchell refused to accept or consider a comparable offered by Mr. Jones.  ¶31.  Progressive and Mitchell told Mr. Jones that the California Insurance Code does not allow them to consider his vehicle; this was a false representation.  Progressive and Mitchell fraudulently solicited quotes from third party dealers;

5

PLAINTIFF BOBBY JONES' MEMORANDUM IN OPPSOITION TO DEFENDANT MITCHELL INTERNATIONAL INC. MOTION TO DISMISS SECOND AMENDED COMPLAINT

Calidad Motors and Ace Auto Dealers. Based on these and other false and fraudulent representations Mr. Jones was induced to accept a reduced valuation of his 1999 Chevrolet Venture. ¶35.

So, in fact, Plaintiff did include specific facts that outline in great detail the schemes used by these defendants. We know the date, November 2015. We know the parties, Mitchell and Progressive. We know they solicited Calidad Motors and Ace Auto Dealers, or so they claim. We know the content of the false and fraudulent communications. All this was alleged in great detail. For these reasons, Plaintiff has satisfied Rule 9(b) particularity requirement. However, Plaintiff likewise seeks leave of court should the court find Plaintiff failed to plead the facts with sufficient particularity. Plaintiff is aware of additional details that can be included in an amended pleading.

Defendants' arguments appear at times as if they had not read the complaint. They claim "with respect to both alleged misrepresentations, however, it is entirely unclear exactly what misrepresentations were made". Paragraphs 33, 34 and 35 clearly outline the misrepresentation upon which Mr. Jones relied.

Likewise, the Defendants' economic loss arguments are misplaced. "Simply stated, the economic loss rule provided "[W]here a purchaser's expectations in sale are frustrated because the produce he bought is not working properly, his remedy is said to be in contract alone, for he suffered only 'economic' losses." 'This doctrine hinges on a distinction drawn between transactions involving the sale of goods for commercial purposes where economic expectations are protected by commercial and contract law, and those invoking the sale of defective products to individual consumers who are injured in a manner which has been traditionally been remedies by resort to the law of torts. (citations omitted) *Robinson Helicopter Company, Inc.*, (2004) 34 Cal.4th 979, 988.

"Tort damages have been permitted in contract cases where a breach of duty directly causes physical injury [citation]; for breach of the covenant of good faith and fair dealing in insurance contracts [citation]; for wrongful discharge in violation of fundamental public policy [citation]; or where the contract was fraudulently induced. [Citation.]". *Erlich v. Menezes* (1999) 21 Cal.4th 543, 551–552.

6

PLAINTIFF BOBBY JONES' MEMORANDUM IN OPPSOITION TO DEFENDANT MITCHELL INTERNATIONAL INC. MOTION TO DISMISS SECOND AMENDED COMPLAINT

In the case at bar, the allegations are that Progressive and Mitchell are asserting cars with salvage titles as comparable vehicles, and fraudulently asserting those vehicles are not salvage title. Further, Progressive and Mitchell are soliciting false quotes from dealers. Finally, Progressive and Mitchell are making claims that California does not require them to consider a comparable vehicle submitted by its insured. This conduct is actionable in tort based on several of the policies outlined in the *Erlich* court. Plaintiff was fraudulently induced to accept the reduced valuation. Plaintiff is seeking leave of the court to bring a claim for a breach of the covenant of good faith and fair dealing in insurance contracts, and the Defendants' conduct is in violation of a fundamental public policy.

Generally, outside the insurance context, "a tortious breach of contract … may be found when (1) the breach is accompanied by a traditional common law tort, such as fraud or conversion; (2) the means used to breech the contract are tortious, involving deceit or undue coercion; (3) one party intentionally breaches the contract intending or knowing that such a breach will cause severe, unmitigable le harm in the form of mental anguish, personal hardship, or substantial consequential damages." *Freeman & Mills v. Belcher Oil Co.* (1995) 11 Cal.4th 85, 98. In the case at bar, Progressive and Mitchell are alleged to have committed fraud, they used deceit to obtain the fraud, and the knew the breach would cause severe personal hardship to those making total loss vehicle claims. Progressive and Mitchell are preying on people that have just been in accidents. Progressive and Mitchell knows that its insured making total loss claims have been involved in serious automobile accidents. They know those people are often seriously injures, and in need of resolving their claims quickly to get another mode of transportation. They know their insured are vulnerable and use that and the false statements to induce them to take less. This conduct can be remedied through both tort law and contract law.

DATED: July 7, 2017                KLECZEK LAW OFFICE

By: ___/s/_____
  DAVID A. KLECZEK
  Attorney for Plaintiffs

7

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing document was served on July 7, 2017 via email to counsel of record in this case.

KLECZEK LAW OFFICE

By: ___/s/_____
DAVID A. KLECZEK
Attorney for Plaintiffs

PLAINTIFF BOBBY JONES' MEMORANDUM IN OPPSOITION TO DEFENDANT MITCHELL INTERNATIONAL INC. MOTION TO DISMISS SECOND AMENDED COMPLAINT